JUDGE CAPRONI

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

14-CV 9899

ATHENA ROSE,                              )
                                          )
       Plaintiff                      )
                                          )
    v.                                  )   **Case No.:**
                                          )
VERDE ENERGY USA, INC.,                   )   **COMPLAINT AND DEMAND FOR**
                                          )   **JURY TRIAL**
       Defendant                      )



## COMPLAINT

ATHENA ROSE ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against VERDE ENERGY USA, INC. ("Defendant"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.

3.    Defendant conducts business in the State of New York and as such, personal jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5.     Plaintiff is a natural person residing Yonkers, New York 10703.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is a corporation that has its office located in Norwalk, Connecticut 06851.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10.     Plaintiff has a cellular telephone number that she has had for more than one year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13.     Plaintiff never provided permission to Defendant to call her cellular telephone number or to contact her regarding any goods or services offered by Defendant.

14.     Beginning in October 2014, and continuing through November 2014,

2

Defendant called Plaintiff on her cellular telephone.

15.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and/or automatic and/or pre-recorded messages.

16.     Defendant's messages would state its name and that its call was "for marketing purposes."

17.     Defendant's telephone calls were not made for "emergency purposes."

18.     In order to stop the calls, on one occasion, Plaintiff answered Defendant's call and told them to stop calling her.

19.     Defendant continued to call Plaintiff on her cellular telephone, despite not having consent to call her on that number.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

20.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

21.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

22.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

23.     Defendant's calls to Plaintiff were not made for emergency purposes.

3

24.    Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

25.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

26.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

27.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ATHENA ROSE, respectfully prays for a judgment as follows:

      a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

4

d.      Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

e.      Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ATHENA ROSE, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 12/11/2014                    KIMMEL & SILVERMAN, P.C.

By: _____
    CRAIG THOR KIMMEL
    Kimmel & Silverman, P.C.
    1001 Avenue of the Americas
    12th Floor
    New York, NY 10018
    Phone: (212) 719-7543
    Fax: (877) 788-2864
    Email: kimmel@creditlaw.com

5

PLAINTIFF'S COMPLAINT